IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

GERALD BLAND                                              PLAINTIFF

VERSUS                                    CIVIL ACTION NO. 5:08cv38DCB-JMR

LIFE INS. CO. of GA, ET. AL.                            DEFENDANTS

## ORDER OF DISMISSAL

This matter comes before the Court, *sua sponte*, regarding a hearing held on July 30,

2008 wherein the undersigned found that this matter should be dismissed for failure of the

plaintiff to secure an attorney or inform the Court in writing that they intend to proceed *pro se*

pursuant to the Court's Orders of June 2, 2008 and the failure of the plaintiff to attend the Case

Management /Status Conference set on July 30, 2008 at 10:30 A.M.

This matter was removed from state court on February 12, 2004. Plaintiff's counsel filed

a Motion to Withdraw on April 30, 2008. Plaintiff's counsel notified Plaintiff of the motion and

the hearing by certified mail.   A copy of the certified receipt is marked as in globo Exhibit P-1

and filed in the Office of the Clerk of Court. A hearing was held on June 2, 2008 and plaintiff's

Counsel's Motion to Withdraw was granted as Plaintiff neither appeared at the hearing or filed

any opposition to the motion. In a Order filed by the Court and sent to the Plaintiff by both

regular and certified mail, the Court found that the Plaintiff had until June 30, 2008 to inform the

Court in writing whether they would retain new counsel or proceed *pro se*. Plaintiff was also

informed that a case management /status conference would be held on July 30 ,2008 at

10:30A.M.. Plaintiff or newly retained counsel was instructed to appear. Plaintiff was warned

that failure to comply with any provision of the Court's June 2, 2008 Order may result in the

dismissal of this case. The Clerk of Court was instructed to send this Order by certified mail. The

certified letter containing the Order was returned to the Court on June 18, 2008 and filed in the Office of the Clerk of Court.

A hearing was held by the undersigned and Chief Magistrate Judge John M. Roper on July 30, 2008. Plaintiff failed to appear or ask for a continuance. On September 26, 2008 the Court entered an Order to Show Cause. A copy of this Order was sent to the Plaintiff by certified mail/return receipt requested and by regular mail delivery. The certified letter was returned to the Court on October 8, 2008 and filed in the Office of the Clerk of Court. It is apparent from the plaintiff's failure to comply with Orders of this Court, failure to appear for the Case Management/Status Conference or to otherwise communicate with this Court, that plaintiff has abandoned these claims. This Court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. Rule 41(b) of the Federal Rules of Civil Procedure, provides, *inter alia* , "for failure of the plaintiff to prosecute or to comply with these Rules or any order of the court, defendant may move for dismissal of an action or any claim against him." It is well settled that the court has the inherent authority to dismiss for want of prosecution. *Link v. Wabash Railroad*, 370 U.S. 626 (1962); *Lopez v. Arkansas County Independent School District*, 570 F.2d 541, 544 (5th.1978); *Larson v. Scott*, 157 F.3d 1030,1032 (5th Cir. 1998).

The Court must be able to clear its calendar of cases which remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in

the disposition of pending cases and to avoid congestion in the calendars of the court. *Link,*

*supra,* 370 U.S. at 630.

Based on the foregoing, this Court is of the opinion that the plaintiff has failed to respond

in accordance with the Court's Orders, has failed to attend or to contact the Court regarding the

Case Management /Status Conference in question and that these failures are indicative of a lack

of interest in pursuing this cause and delays the expeditious resolution of other cases. Therefore,

this Court finds that this cause be dismissed without prejudice for the plaintiff's failure to

prosecute and failure to comply with Rule 41(b) of the Federal Rules of Civil Procedure.

THIS the 14th day of July, 2009.

s/David C. Bramlette III
UNITED STATES DISTRICT JUDGE